UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RANDI DUNDA,                                **No. 6:15-cv-6232-MAT**

                              Plaintiff,     **DECISION AND ORDER**

    -vs-

AETNA LIFE INSURANCE COMPANY,

                              Defendant.

---

**INTRODUCTION**

Represented by counsel, Randi Dunda ("Dunda" or "Plaintiff") instituted this action against Aetna Life Insurance Company ("Aetna" or "Defendant") pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), challenging the termination of her long-term disability ("LTD") benefits by Aetna. On June 30, 2016, the Court denied Defendant's Motion for Summary Judgment, and granted in part and denied in part Plaintiff's Motion for Summary Judgment. Specifically, Defendant was ordered to reinstate Plaintiff's monthly benefits and pay past due benefits. Plaintiff's request for interest under New York Civil Practice Law and Rules ("C.P.L.R.") §§ 5001-5004 and for attorneys' fees and costs was denied without prejudice.

Presently pending before the Court is Plaintiff's First Motion for Attorneys' Fees, Interest, and Costs (Dkt #32). In a Memorandum

in Opposition (Dkt #35), Defendant disputes the amount of fees, interest, and costs requested by Plaintiff as excessive. Plaintiff has filed a Reply (Dkt #36). For the reasons discussed below, the Court grants in part and denies in part the Motion for Attorneys' Fees and Costs.

## DISCUSSION

### I. Pre-Judgment Interest

Plaintiff seeks an award of pre-judgment interest on her back benefits in the amount of $4,563.30. Defendant argues that this is excessive, and that if the Court exercises its discretion to award pre-judgment interest, it should be at the post-judgment rate set forth in 29 U.S.C. § 1961(a).

In an ERISA enforcement action such as this, "the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court." Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000) (citations omitted). Pre-judgment interest constitutes part of a plaintiff's complete recovery, and therefore "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate[.]" Id. (quotation and citations omitted). The aim of such an award is to make the plaintiff whole, not to give him or her a windfall. Algie v. RCA Glob. Communications, Inc., 891 F. Supp. 875, 899 (S.D.N.Y. 1994) (citations omitted), aff'd, 60 F.3d 956 (2d Cir. 1995) (cited with

approval in Jones, 223 F.3d at 139).

Plaintiff proposes three potential measures for pre-judgment interest on her back benefits, as follows: (1) Defendant's alleged "rate of return on equity" for the period that she was not paid benefits, which she calculates as 14.83 percent, and which yields interest in the amount of $4,563.30; (2) New York's statutory pre-judgment interest rate, which is 9 percent, see C.P.L.R. § 5004, yielding $2,767.80 in interest; or (3) the rate of 4 percent, yielding $1,230.60.[1] Defendant, on the other hand, argues that the Court should measure pre-judgment interest with reference to 28 U.S.C. §§ 1961, 1961(a), which links the rate of post-judgment interest to the rate of interest the Federal government pays on money it borrows by means of Treasury bills.[2]

After reviewing the cases cited by the parties, the Court agrees with District Judge Kaplan's recent analysis in Doe, 2016 WL 749886, reducing the rate recommended by the Magistrate Judge (i.e., New York's statutory rate of 9 percent) to 4 percent. Judge

---

[1] Four percent was the rate utilized by a District Judge in the Southern District of New York after overruling a Magistrate Judge's recommendation that New York's statutory rate of 9 percent should apply. See Doe v. Unum Life Ins. Co., No. 12 Civ. 9327(LAK), 2016 WL 749886 (S.D.N.Y. Feb. 23, 2016), adopting in part and rejecting in part, 12 Civ. 9327(LAK)(AJP), 2016 WL 335867 (S.D.N.Y. Jan. 28, 2016).

[2] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961 (a) (footnote omitted).

Kaplan explained that

> New York's statutory rate of 9 percent was adopted in 1981 when the Legislature raised the state rate from 6 percent. At that time, the prime rate was in the neighborhood of 20 percent, and the rate on one year Treasury bills was in the vicinity of 14 percent or more. Today and in recent years, however, the prime and one year T-bill rates have been under 4 percent and 1 percent, respectively. Inasmuch as no statute compels use of the decades-old statutory New York State law rate of interest, which is so much higher than the cost of borrowing in recent times, this Court declines to use it here. Rather, it applies something more closely resembling current and recent borrowing costs, i.e., 4 percent.

Doe, 2016 WL 749886, at *1.

Turning to the period of time to be used in calculating pre-judgment interest, "In ERISA cases, courts in this circuit 'routinely calculate prejudgment interest from a midpoint date in the delinquency period.'" Doe v. Unum Life Ins. Co. of Am., 2016 WL 335867, at *11 (quoting Alston v. Northstar La Guardia LLC, 10 Civ. 3611, 2010 WL 3432307, at *3 (S.D.N.Y. Sept. 2, 2010), rep. and rec. adopted, (S.D.N.Y. Sept. 27, 2010); collecting cases); Finkel v. Triple A Grp., Inc., 708 F. Supp.2d 277, 288 (E.D.N.Y. 2010) (recommending that plaintiff be awarded "8% interest beginning from November 17, 2007, a midpoint between October 17, 2007 and December 19, 2007, the period of delinquency").

Here, the delinquency period began on October 31, 2014, the date Defendant discontinued Plaintiff's benefits, and ended on June 30, 2016, the date judgment was entered in Plaintiff's favor, for

a total of 608 days. The midpoint date for the period of delinquency therefore is 304 days after October 31, 2014, or August 31, 2015. Plaintiff accordingly is entitled to pre-judgment interest at the rate of 4 percent from August 31, 2015, to June 30, 2016 (i.e., 304 days). The daily interest (calculated based on 4 percent interest per annum and the back benefits amount of $35,159.80) is $3.85 per diem. See Rosati Decl. ¶ 26 & Ex. C. Interest should be computed on the basis of 304 days, as noted above. See Doe, 2016 WL 749886, at *1. Therefore, Plaintiff is entitled to pre-judgment interest in the amount of $1,171.35.

**II. Costs**

Plaintiff requests two categories of statutory costs–the filing fee ($400) and service-of-process fees ($150.42). In addition, Plaintiff fees associated with the pursuit of mediation ($512.67) and the printing of the administrative record ($178.57). In total, Plaintiff requests $1,241.66 in costs.

Defendant concedes that the filing fee is a taxable statutory cost. Defendant further concedes that reimbursement proper for Plaintiff's portion of the fee involved in court-ordered mediation.

However, Defendant points out that the proof of service Plaintiff filed with the Court (Dkt #3) states that the process server fee was only $75.21, i.e., half the amount requested. Plaintiff has conceded her error in this regard. Defendant further notes that courts in this Circuit have determined that the maximum

reimbursement for service of process is the fee charged by the United States Marshals Service to serve process. See Woodard v. CSX Transp., Inc., No. 1:10-cv-753(GLS), 2013 WL 6190843, at *1 (N.D.N.Y. Nov. 26, 2013) ("[T]he Second Circuit has articulated that a district court may, in its discretion, shift the cost of private process servers to the non-prevailing party, but limited to the extent that those costs do not surpass that which would have been incurred if the U.S. Marshals Service served process.") (citing United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996)). In 2014, that amount was $65.00 See 28 C.F.R. § 0.114(a)(3) ("For process served or executed personally—$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee. . . .") (last revised Sept. 30, 2013).

Lastly, the Court will not allow the cost incurred in printing the administrative record for Plaintiff's counsel's own use. Plaintiff's counsel has provided no authority for the proposition that such a cost is compensable. This District's "Guidelines for Bills of Costs" indicate that the following types of charges are generally "not taxable": "Cost of . . . expedited copy produced solely for the convenience of counsel, absent prior court approval. . . ." (quoted in Document Sec. Sys., Inc. v. Coupons.com, Inc., No. 11-CV-6528 CJS, 2015 WL 1189551, at *4 (W.D.N.Y. Mar. 16, 2015) (in connection with deposition expense, denying reimbursement for

"incidental" charges by court reporting company totaling $400, which included "realtime services", CD Depo Litigation Package, "exhibits scanned—searchable OCR", and shipping and handling; such "incidentals" were "not taxable as reasonably-necessary costs").

In sum, reimbursement for the following costs will be allowed by the Court: $400.00 (filing fee); $65.00 (service of process fee); and $512.67 (court-ordered mediation fee), for a total of $977.67.

**III. Attorneys' Fees**

Defendant does not dispute Plaintiff's attorney's entitlement to a reasonable fee, but argues that the requested rate of $600 per hour is excessive and should be reduced to no greater than $275 per hour. Defendant also argues that the number of hours charged by Plaintiff's attorney is excessive.

ERISA provides for an award of attorneys' fees. See 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . , the court in its discretion may allow a reasonable attorney's fee and costs . . . to either party."). The Supreme Court has emphasized that a district court's discretion to award attorneys' fees under ERISA "is not unlimited," inasmuch as it may only award attorneys' fees to a beneficiary who has obtained "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 254-55 (2010). "After Hardt, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a

court must consider in exercising its discretion." Donachie v. Liberty Life Assur. Co. of Boston, 745 F.3d 41, 46 (2d Cir. 2014) (citing Hardt, 560 U.S. at 255 (stating that the traditional five-factor test is "not required for channeling a court's discretion when awarding fees under [29 U.S.C. § 1132(g)(1)]")).

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)). Turning first to the question of the hourly rate that is reasonable, the Court has reviewed the caselaw cited by the parties. The Court agrees that the rate of $600 requested by Plaintiff's counsel is excessive, and, indeed, counsel has never received such a high rate in other cases. The Court also finds that the rate of $275 per hour urged by Defendant is too low. The Court finds that an hourly rate of $320 is reasonable and appropriate here. This the same rate it awarded in an ERISA case to in-district counsel of similar experience to Plaintiff's attorney. See Gill v. Bausch & Lomb Supplemental Retirement Income Plan I, No. 6:09-CV-6043(MAT), 2015 WL 1632518, at *1 (W.D.N.Y. Apr. 13, 2015) (awarding $320 per hour to partners; and $300 per hour and 290 per

hour to less experienced attorneys in the firm).

With regard to the issue of what constitutes a reasonable number of hours, Defendant argues that the following two categories of time should be excluded: the time spent on the fee application (28.9 hours), and the time spent preparing supplemental briefing (4.6 hours). As the Supreme Court has observed, "[b]ecause Hensley v. Eckerhart, 461 U.S. 424, 437 . . . (1983), requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n. 10 (1990). With regard to the supplemental briefing on Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ., 819 F.3d 42 (2d Cir. 2016), it was not requested by the Court. Furthermore, it was wholly unnecessary to the Court's resolution of the case. The Court therefore will exclude this time. See Jones v. Life Ins. Co. of N. Am., No. 08-CV-6586, 2011 WL 3501725, at *5 (W.D.N.Y. Aug. 10, 2011) ("[T]he time spent on opposing Defendant's counterclaim should be subtracted from the reasonable hours expended, as Plaintiff was unsuccessful in this claim.").

With regard to the fee application, it appears that Plaintiff's attorney expended 28.9 hours in its preparation. Defendant argues that all of the time should be excluded because it largely reflects counsel's effort in attempting to justify a $600-

per-hour rate, which is unsupportable under this District's caselaw. Indeed, as Defendant notes, Plaintiff has not cited a case where a court actually has awarded him that rate.

As a general matter, time spent on a fee application "is compensable if reasonably spent, since 'a refusal to award fees incurred in connection with the fee application would tend to dilute the fee award and thus to undermine the very purpose of awarding fees.'" Cefali v. Buffalo Brass Co., 748 F. Supp. 1011, 1021 (W.D.N.Y. 1990) (quoting Chambless v. Masters, Mates & Pilots Pension Plan, 697 F. Supp. 642, 649 (S.D.N.Y. 1988), aff'd in part and rev'd in part on other grounds, 885 F.2d 1053 (2d Cir.1989); other citation omitted). The Court therefore declines to exclude all of the time spent on the fee application, and instead will apply an across-the-board reduction of 20 percent. See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("In reducing the number of hours claimed, a court may, in its discretion, apply an across-the-board percentage reduction 'as a practical means of trimming fat from a fee application.'") (quotation omitted). The Court therefore will reduce the compensable time with regard to the fee application to 23.1 hours.

Subtracting the 28.9 hours and the 4.6 hours from the total requested of 182.3 hours, see Rosati Decl. ¶ 25, leaves 148.8 remaining potentially compensable hours. In determining whether the amount of hours billed is reasonable "the court takes account of

claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley, 461 U.S. at 434). As the Second Circuit has explained, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citing Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)). "So long as an attorney's records specify 'the date, the hours expended, and the nature of the work done,' Carey, 711 F.2d at 1148, they are sufficient." Hnot v. Willis Grp. Holdings Ltd., No. 01 CIV. 6558 GEL, 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008).

Defendant requests an across-the-board reduction in hours billed of 20 percent because, according to Defendant, Plaintiff's attorney expended too much time on certain tasks, such as preparing communications to defense counsel and the mediator in preparation for settlement discussions; improperly billed for tasks such as the review of orders and letters; and overbilled for preparation of legal memoranda that re-used some boilerplate arguments employed in other cases litigated by Plaintiff's counsel. Defendant does not identify any particular time entries as excessive, but argues that 17.5 hours expended in preparing communications to defense counsel and the mediator "appear[s] to [be] repetitive billing for the same

task." Def's Mem. at 11. According to Defendant, "[h]alf of that time would be more than sufficient." Id. Defendant also calls into question the fact that equal time was billed for preparing the summary judgment motion and opposing Defendant's cross-motion "although it would be expected considerably more work would be involved in the former." Id. (footnote omitted). These assertions are by no means self-evident to the Court. While vague and inconsistent billing practices would justify a reduction in time properly compensated, Defendant's accusations are themselves vague.

Here, the Court cannot say that the hours billed are unreasonable, or that Plaintiff's attorney combined activities compensable at different rates into a block billing entry. Therefore, the Court does not find any reduction warranted with regard to the 148.8 remaining hours.

To summarize, the total number of hours for which Plaintiff's attorney be compensated is 171.9. This represents the reduced time of 23.1 hours in connection with the fee application plus the 148.8 hours spent on litigating this case (excluding the 4.6 hours expended on the supplemental briefing). Applying the hourly rate of $320.00 to 171.9 hours yields an attorney's fee award of $55,008.00.

**CONCLUSION**

For the foregoing reasons, Plaintiff's First Motion for Attorneys' Fees, Interest, and Costs (Dkt #32) is granted to the

extent that Plaintiff is awarded $55,008.00 in attorneys' fees; $1,171.35 in pre-judgment interest; and $977.67 in costs, for a total award of $57,157.02. Defendant is hereby ordered to pay the foregoing amount of $57,157.02 to Plaintiff.

**SO ORDERED.**

**S/ Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   September 15, 2016
         Rochester, New York